1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESUS L. OROZCO,

               Petitioner,

    v.

RALPH DIAZ,

               Respondent.

Case No. 19-cv-05828-EMC

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

## I.      **INTRODUCTION**

Jesus L. Orozco, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has filed an answer and Mr. Orozco has filed a traverse.  Mr. Orozco's petition is now before the Court for review on the merits.  For the reasons discussed below, the petition for writ of habeas corpus will be denied.

## II.      **BACKGROUND**

Mr. Orozco was prosecuted for sexual assault of a child,[1] and a jury found him guilty of six counts: Count 1- aggravated sexual assault of a child (Cal. Pen. Code § 269); Count 2- misdemeanor assault (Cal. Pen. Code § 240), Counts 3, 4, and 5- forcible lewd conduct on a child under 14 (Cal. Pen. Code § 288(b)(1)); and Count 6- lewd conduct on a child under 14 (Cal. Pen. Code § 288(a)).  CT 262-263.  On March 28, 2003, the trial court sentenced petitioner to a determinate term of 24 years consisting of consecutive sentences of six years each on Counts 3-6, and a consecutive indeterminate term of 15 years to life on Count 1.  RT 501-503.  The court also

---

[1] As the particular facts of the crime are not relevant to the issues in the habeas petition, they will not be discussed in this order.

1    sentenced Mr. Orozco to 10 days in jail on Count 2.  RT 504-505.

2           The issues in this case involve correcting an incorrect memorializing by the clerk of the

3    judgment of the superior court.  In California state courts, an abstract of judgment is a written

4    document that memorializes the judgment in a criminal case.  There are two separate abstract of

5    judgment forms – one for a determinate sentence (e.g., a term of years) and one for an

6    indeterminate sentence (e.g., imprisonment for life with the possibility of parole after a specified

7    number of years).  When, as here, the sentence consists of both an indeterminate component and a

8    determinate component, the clerk will prepare two abstracts of judgment: one for the

9    indeterminate part of the sentence and one for the determinate part of the sentence.

10          When the abstract of judgment contains a mistake so that it does not accurately reflect the

11   judgment pronounced by the court, that is a scrivener's error that can be corrected by the

12   clerk.  *See People v. Flores*, 177 Cal.App.2d 610, 613-14 (Cal. Ct. App. 1960).  As the court

13   discussed in *Flores*,

> In the first place, the judgment itself was not corrected.  It was only
> the abstract of that judgment which was corrected to conform to the
> judgment as pronounced. The judgment is made by the court; the
> abstract of judgment is made by the clerk. Secondly, a court always
> has the inherent power to correct clerical errors in its records and in
> its judgments, and here it clearly appears from the judgment as
> pronounced and the rough minutes that the error in the abstract of
> judgment was clerical and inadvertent.

19   *Id.* at 613.  Furthermore,

> The court has nothing to do with the entry of a judgment, since that
> is a duty devolving on the clerk of the court who is but an
> instrument of the court to make a correct memorial of its orders. . . .
> It is the ministerial duty of the clerk to enter a judgment in
> conformity to the decision of the court. So here, it was the duty of
> the clerk to make both a formal judgment and an abstract in
> conformity to the judgment pronounced by the court. The failure of
> the clerk so to do as to either one or both would be merely a clerical
> inadvertence. Being clerical, the clerk could have corrected the error
> himself.

26   *Id.* at 613-14 (internal citations and quotation marks omitted).

27          At the time of Mr. Orozco's sentencing, two abstracts of judgment were prepared by the

28   court clerk-- one for the determinate term and one for the indeterminate term-- to memorialize the

United States District Court
Northern District of California

1    trial court's oral pronouncement of sentence.  The determinate term abstract correctly listed the

2    consecutive six-year terms on Counts 3-6, for a total determinate term of 24 years.  CT 266-267.

3    Section 1 of the indeterminate term abstract correctly listed Count 1 as the sole felony for which

4    the indeterminate term was imposed, section 6a correctly listed 15-years-to-life as the

5    indeterminate term imposed, and sections 6a and 11 correctly noted the indeterminate term was

6    consecutive to the determinate term of 24 years.  CT 264-265.  However, the clerk made a

7    scrivener's error under section 6a, mistakenly listing Counts 3-6 instead of Count 1 as the counts

8    for which the indeterminate term was imposed.  CT 264.

9          On April 15, 2004, the California Court of Appeal affirmed the judgment.  Docket No. 12-

10   4.  The issue raised on appeal was whether Mr. Orozco was convicted and punished for a single

11   act in Counts 2 and 5.  *Id.*  On June 23, 2004, the California Supreme Court denied a petition for

12   review.  Docket No. 12-5.

13         More than a decade later, on January 31, 2018, Mr. Orozco filed a petition for writ of

14   habeas corpus in the Santa Clara Superior Court, raising the issue of the error on his indeterminate

15   term abstract, as well as other issues.  Docket No. 12-6.  The superior court denied the petition,

16   noting that the abstract already had been amended and that the remaining issues were procedurally

17   barred for reasons explained in prior orders.  Docket No. 12-7 at 11.  The superior court attached a

18   copy of the amended abstract to its order.  *Id.* at 12-14.

19         Mr. Orozco next filed a petition for writ of habeas corpus in the California Court of

20   Appeal, claiming that he was "entitled to resentencing in his presence for due process to correct an

21   illegal sentence."  Docket No. 12-6 at 4.  The California Court of Appeal issued a summary denial.

22   Docket No. 19.  Mr. Orozco then filed a petition for writ of habeas corpus in the California

23   Supreme Court, raising the same due process claim he raised in the court of appeal. Docket No.

24   12-8.  The California Supreme Court also summarily denied the petition.  Docket No. 1 at 21.

25   Thereafter, Mr. Orozco filed this federal habeas petition.

26         Mr. Orozco's petition for writ of habeas corpus in this federal action alleges the following

27   claims: (1) that the sentence reflected on the abstract of judgment is incorrect, and (2) that Mr.

28

United States District Court
Northern District of California

1    Orozco had a due process right to be present when the abstract of judgment was amended.[2]

2    Docket No. 1 at 5-8.

### III.    JURISDICTION AND VENUE

4    This Court has subject matter jurisdiction over this action for a writ of habeas corpus under

5    28 U.S.C. § 2254.  28 U.S.C. § 1331.  This action is in the proper venue because the petition

6    concerns the conviction and sentence of a person convicted in Santa Clara County, California,

7    which is within this judicial district.  28 U.S.C. §§ 84, 2241(d).

### IV.    STANDARD OF REVIEW

9    This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

10   custody pursuant to the judgment of a State court only on the ground that he is in custody in

11   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

12   The Antiterrorism And Effective Death Penalty Act of 1996 ("AEDPA") amended § 2254

13   to impose new restrictions on federal habeas review.  A petition may not be granted with respect to

14   any claim that was adjudicated on the merits in state court unless the state court's adjudication of

15   the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application

16   of, clearly established Federal law, as determined by the Supreme Court of the United States; or

17   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of

18   the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

19   "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court

20   arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

21   the state court decides a case differently than [the] Court has on a set of materially

22   indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

23   "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if

24   the state court identifies the correct governing legal principle from [the Supreme] Court's

25   decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.

26   "[A] federal habeas court may not issue the writ simply because that court concludes in its

27

28   _____
     [2] In his traverse Mr. Orozco also raises arguments concerning restitution, however, the Court has
     already dismissed his restitution claims.  *See* Docket No. 9 at 3.

United States District Court
Northern District of California

1    independent judgment that the relevant state-court decision applied clearly established federal law

2    erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.* at 411.  "A

3    federal habeas court making the 'unreasonable application' inquiry should ask whether the state

4    court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.

5            The state-court decision to which § 2254(d) applies is the "last reasoned decision" of the

6    state court, if there is a reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991).

7    When confronted with an unexplained decision from the last state court to have been presented

8    with the issue, "the federal court should 'look through' the unexplained decision to the last related

9    state-court decision that does provide a relevant rationale.  It should then presume that the

10   unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192

11   (2018).

12           When the state court has denied a federal constitutional claim on the merits without

13   explanation, and there is no lower state court decision to "look through" to, the federal habeas

14   court "must determine what arguments or theories supported or . . . could have supported, the state

15   court's decision; and then it must ask whether it is possible fairminded jurists could disagree that

16   those arguments or theories are inconsistent with the holding in a prior decision of [the U.S.

17   Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

**V.      DISCUSSION**

19   A.     Abstract of Judgment

20           Mr. Orozco claims that the abstract of judgment is incorrect because it shows no term

21   imposed for Count 1 and shows 15 years to life as the term imposed for Counts 3, 4, 5, and 6.

22   Pet., Docket No. 1 at 7-8.

23           The Santa Clara Superior Court stated in its order denying Mr. Orozco's habeas petition

24   that CDCR's Legal Processing Unit had previously sent a letter of clarification to the court on the

25   same issue, and that the court clerk had already amended the abstract to correct the error in

26   response to CDCR's letter. *See* Docket No. 12-7 at 11.  The superior court attached the amended

27   abstract to its order and served it on petitioner. *See id.* at 12-13.  The amended indeterminate

28   abstract reflects that, on January 19, 2018, the clerk amended section 6a to correctly reflect that

United States District Court
Northern District of California

United States District Court
Northern District of California

1   the court imposed the indeterminate term of 15 years to life for Count 1. *Id.* This replaced the

2   original indeterminate abstract that erroneously listed a 15 years-to-life sentence for Counts 3-6.

3        As the last reasoned decision from a state court, the Santa Clara Superior Court's decision

4   is the decision to which § 2254(d) is applied. *See Wilson*, 138 S. Ct. at 1192. Mr. Orozco is

5   entitled to habeas relief only if the Santa Clara Superior Court's decision was contrary to, or an

6   unreasonable application of, clearly established federal law from the U.S. Supreme Court, or was

7   based on an unreasonable determination of the facts in light of the evidence presented.

8        To the extent that Mr. Orozco is claiming that the original indeterminate term abstract of

9   judgment contains an error, the error has already been corrected, as noted by the Santa Clara

10  Superior Court in its order denying habeas. The issue is moot.

11       To the extent that Mr. Orozco is claiming that the amended abstract of judgment contains

12  an error, he is factually wrong. The amended indeterminate term abstract of judgment lists the

13  date of the original 2003 sentencing hearing, in Section 1 it correctly lists the felony that Mr.

14  Orozco was convicted of in Count 1, and in Section 6a correctly lists Count 1 as the count for

15  which the indeterminate term of 15 years to life was imposed. Docket No. 12-7 at 12-13. The

16  amended abstract has the clerk's signature and the January 19, 2018 date of the amendment. It

17  accurately reflects the sentence that was orally pronounced by the judge at the 2003 sentencing

18  hearing. *See* RT 501-505. The judge's oral pronouncement of judgment state that, "On the

19  determinant terms it's a total commitment of twenty-four years. And on the indeterminant term,

20  count one, penal code 269, of course the sentence is fifteen years to life, it's statutory, it must be

21  imposed. . . That term is to be served consecutive to the twenty-four years previously imposed."

22  *Id*. at 502-503. Because the amended abstract fixed the mistake in the original abstract, there is no

23  relief that this Court could grant. Mr. Orozco therefore is not entitled to the writ on his claim that

24  he is now in custody pursuant to an incorrect abstract of judgment.

25  B.    Right to Presence

26       Mr. Orozco claims that he "is entitled to resentencing in his presence for due process to

27  correct an illegal sentence anytime." Pet., Docket No. 1 at 7. The Court understands Mr.

28  Orozco's argument to be that he had a due process right to be present when the abstract of

1    judgment was corrected.

2          Mr. Orozco presented this due process claim in a petition for a writ of habeas corpus to the

3    California Supreme Court.  The court summarily denied relief.  Because the state court denied the

4    federal constitutional claim on the merits without explanation, this Court "must determine what

5    arguments or theories supported or . . . could have supported, the state court's decision; and then it

6    must ask whether it is possible fairminded jurists could disagree that those arguments or theories

7    are inconsistent with the holding in a prior decision of [the U.S. Supreme] Court." *Harrington*,

8    562 U.S. at 102.

9          The California Supreme Court reasonably could have determined that the ministerial act of

10   correcting the scrivener's error was not a stage of Mr. Orozco's criminal proceeding where he had

11   a due process right to be present.  Due process protects a defendant's right to be present "at any

12   stage of the criminal proceeding that is critical to its outcome if his presence would contribute to

13   the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987).  A defendant has a

14   "right to be present at all stages of the trial where his absence might frustrate the fairness of the

15   proceedings," *United States v. Reyes*, 764 F.3d 1184, 1194 (9th Cir. 2014) (quotation marks

16   omitted), but he is not required to be present when his presence "would be useless, or the benefit

17   but a shadow." *Id.* at 1193 (quotation marks omitted).

18         There is nothing in the record that suggests a hearing was held in state court when the

19   abstract of judgment was amended.  Because the error in the abstract of judgment was merely

20   clerical, it was an error that a court clerk could correct by him or herself. *See Flores*, 177

21   Cal.App.2d at 614.  Here, it appears from the amended abstract that a court clerk simply used

22   "white out" to cover the counts that were incorrectly listed in section 6a and handwrote "one" in

23   that section to indicate that it was Count 1 for which the indeterminate term of 15 years to life was

24   imposed.  Docket No. 12-7 at 12-13.  Contrary to Mr. Orozco's contention, the amended abstract

25   of judgment did not change the offense for which he was convicted.

26         The California Supreme Court reasonably could have concluded that the ministerial act of

27   a court clerk correcting a scrivener's error in the abstract of judgment was not a critical stage of

28   the proceedings where Mr. Orozco's presence would have contributed to the fairness of the

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1    proceeding. "When an amended judgment corrects a scrivener's error, it does not change the

2    underlying judgment, but only the written record that erroneously reflects that judgment. As a

3    result, an amended judgment correcting a scrivener's error has no legal consequences." *Turner v.*

4    *Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019) (internal citations and quotation marks omitted). This

5    was not a "resentencing" as Mr. Orozco characterizes it, but rather a ministerial act of correcting

6    the scrivener's error to conform the written abstract of judgment to the oral pronouncement of the

7    judgment. *See id.*

8           Additionally, Mr. Orozco does not cite any U.S. Supreme Court case holding that a

9    defendant has a right to be present during the ministerial act of correcting a scrivener's error on an

10   abstract of judgment, nor has this Court found any such case. "[I]t is not an unreasonable

11   application of clearly established Federal law for a state court to decline to apply a specific legal

12   rule that has not been squarely established by this Court." *Harrington*, 562 U.S. at 101.

13   Accordingly, the state court's rejection of petitioner's claim could not have been contrary to

14   clearly established Supreme Court law.

15          Mr. Orozco argues that he had a right to be present when the abstract of judgment was

16   amended, citing *Diaz v. U.S.*, 223 U.S. 442 (1912). However, this case is distinguishable. In

17   *Diaz*, the defendant was voluntarily absent from his own trial on two occasions during the

18   examination and cross examination of witnesses, and consented that the trial should proceed in his

19   absence but in the presence of his counsel. The Supreme Court, interpreting the law of the

20   Philippine Islands, concluded that under Philippine law an accused is entitled to be present at all

21   stages of a trial, but must be present at arraignment, when a guilty plea is taken, and when

22   judgment is pronounced. *See id.* at 454. The Supreme Court then compared this to the Sixth

23   Amendment rights of an accused in the United States, and determined that the relevant provision

24   of Philippine law accorded to an accused the "full right expressed in the congressional enactment,

25   as that right was recognized and understood in this country at the time is was carried to the

26   Philippines." *See id.* at 459. This case has no relevance to Mr. Orozco's claim because judgment

27   was not being pronounced at the time the scrivener's error was corrected, nor does *Diaz* stand for

28   the proposition that Mr. Orozco had a right to be present during the ministerial act of correcting a

1   scrivener's error in the abstract of judgment.  Mr. Orozco is not entitled to the writ on this claim.

2   C.      No Certificate Of Appealability

3          A certificate of appealability will not issue because reasonable jurists "would not find the

4   district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*,

5   529 U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is denied.

6                          **VI.     CONCLUSION**

7          For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.

8

9          **IT IS SO ORDERED**.

10

11   Dated: August 31, 2020

12

13   _____

14   EDWARD M. CHEN
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

9